**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

---------------------------------------------------------------------------------------x
| | |
|---|---|
| **In re** | **:** Chapter 11 Case No. |
| | **:** 07-12151 |
| **M.B.S. Management Services, Inc.,** *et. al.*,[1] | **:** |
| | **:** Section "A" |
| **Tax ID No. xx-xxx7655** | **:** |
| | **:** Jointly Administered |
| **Debtors** | **:** |
---------------------------------------------------------------------------------------x

**REASONS FOR INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363(C) OF THE BANKRUPTCY CODE AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 AS <u>TO USE OF CASH COLLATERAL WITH RESPECT TO MBS – COLONNADE, LTD.</u>**

Upon the *Amended Motion of Debtors for Interim and Final Orders (a) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (b) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral* (the "<u>Amended Motion</u>"), dated December 11, 2007 (pl. 166) filed by  MBS-Claremore, Ltd. ("<u>Claremore</u>") , MBS-Colonnade, Ltd. ("<u>Colonnade</u>"), MBS-Equinox on the Park, Ltd. ("<u>Equinox</u>"), MBS-Forest Cove, Ltd., ("<u>Forest Cove</u>"), MBS-Indian Hollow, Ltd. ("<u>Indian Hollow</u>"), MBS-Las Ventanas, Ltd. ("<u>Las Ventanas</u>"), MBS-Mirada, Ltd. ("<u>Mirada</u>"), MBS-Sage Creek, Ltd. ("<u>Sage Creek</u>") and MBS-Walnut Creek, Ltd. ("<u>Walnut Creek</u>") (collectively the "<u>Real Estate Debtors</u>", each as a debtor and debtor-in-possession in the captioned chapter 11 cases (collectively, the "<u>Cases</u>"),

---

[1] Northcastle, Ltd. (07-12152), MBS-Woodland Hills, Ltd. (07-12153), MBS-Country Village, Ltd. (07-12154), MBS-The Windward, Ltd. (07-12155), MBS-The Leeward, Ltd. (07-12156), MBS-Serrano, Ltd. 07-12157), MBS-Fountains of Tomball, Ltd. (07-12158), MBS - South Point Apartments, a Texas General Partnership (07-12283) and MBS - Lodge at Stone Oak, Ltd., a Texas Limited Partnership (07-12292) are being jointly administered pursuant to a Court Order entered November 14, 2007.  On November 29, 2007, the Court granted an order directing that the bankruptcy cases of MBS-South Point Apartments, a Texas General Partnership (07-12283) ("South Point") and MBS-Lodge at Stone Oak, Ltd., a Texas Limited Partnership (07-12292) ("Stone Oak") be jointly administered with the rest of the Real Estate Debtors.

pursuant to sections 105, 361 and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002, 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

Whereas, due and appropriate notice of the Amended Motion, the relief requested therein, and the Interim Hearing (the "Notice") having been served by the Real Estate Debtors on (i) the Office of the United States Trustee for the Eastern District of Louisiana, (ii) the Real Estate Debtors' twenty (20) largest unsecured creditors, (iii) any persons possessing a security interest in the assets of Real Estate Debtors and any person possessing a security interest in the cash collateral of the Real Estate Debtors; (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. Petition. On December 3, 2007, Colonnade filed its voluntary petition and (the "Petition Date") under chapter 11 of the Bankruptcy Code. Pursuant to an order of the Court, the Cases are being jointly administered. Colonnade is a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. Hereinafter Colonnade may also be referred to as the Debtor.

B. Jurisdiction. The Court has jurisdiction of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), and (M). Venue of the Cases and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice</u>. Under the circumstances, the Notice given by the Debtors of the Motion and this Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D. Midland Loan Services is the authorized representative of LaSalle Bank National Association, as trustee for the registered holder of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-PNC1, its successors and/or assigns (the "Colonnade Lender".)

E. <u>Adequate Protection of Colonnade Lender</u>. The Colonnade Lender asserts that all of Colonnade's proceeds from the Colonnade Lender Collateral (as defined in the Amended Motion) is "cash collateral" of the Colonnade Lender within the meaning of section 363(a) of the Bankruptcy Code. Pursuant to sections 361 and 363(e) of the Bankruptcy Code, Colonnade asserts that the Colonnade Lender will receive adequate protection of its interests in the Colonnade Lender Collateral in connection with Colonnade's use, sale and lease of this "cash collateral" by the grant of a lien in the Colonnade Lender Postpetition Collateral (defined below).

F. <u>Immediate Entry</u>. Sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rules 4001(c)(2). The Colonnade Lender has consented to entry of this Order on an interim basis with all rights reserved.

Based upon the foregoing, and after due consideration and good cause appearing therefore, the Court will approve the proposed interim order.

New Orleans, Louisiana, December 19, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge