UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------------------------------x
In re                                                                         :    Chapter 11 Case No.
                                                                              :    07-12151
M.B.S. Management Services, Inc., *et al.*,                                   :
                                                                              :    Section "A"
Tax ID No. xx-xxx7655                                                         :
                                                                              :    Jointly Administered[1]
            Debtors.                                                          :
------------------------------------------------------------------------------x

**REASONS FOR INTERIM ORDER (A) AUTHORIZING THE USE OF CASH
COLLATERAL PURSUANT TO SECTION 363(C) OF THE BANKRUPTCY CODE
AND
(B) SCHEDULING A FINAL HEARING PURSUANT TO
BANKRUPTCY RULE 4001 AS TO USE OF CASH COLLATERAL FOR
MBS-EQUINOX ON THE PARK, LTD. AND MBS-CLAREMORE, LTD.**

Upon the *Motion of Debtors for Interim and Final Orders (a) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (b) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral* [Docket No. 150, as amended by Docket Nos. 156 and 166] (the "Motion"), dated December 7, 2007 (p. 166) filed by MBS-Equinox on the Park, Ltd. ("Debtor Equinox") a Texas limited partnership, and MBS-Claremore, Ltd., ("Debtor Claremore"), a Texas limited partnership, each as debtors and debtors-in-possession in the above captioned chapter 11 case (the "Cases"), pursuant to sections 105, 361 and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002, 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and as objected to by and through (i) *Wells Fargo's Objection to Motion of Debtors for Interim and Final Orders (a) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (b) Scheduling a Final Hearing Pursuant to*

---

[1] On November 27, 2007, MBS-Equinox on the Park, Ltd., filed for bankruptcy relief in Case No. 07-12319. On December 4, 2007, MBS-Claremore, Ltd., filed for bankruptcy relief in Case No. 07-12397. On December 7, 2007, both of these debtors filed a motion seeking joint administration of their cases with other allegedly related debtor cases under the above referenced case number.

*Bankruptcy Rule 4001 as to Use of Cash Collateral* [Docket No. 161] (the "Equinox Objection") filed by the secured creditor and party-in interest Wells Fargo Bank, National Association, as Trustee for the Registered Holders of CD 2007-CD4 Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series CD 2007-CD4 ("Wells Fargo-Equinox") regarding the cash usage requested by Debtor Equinox and (ii) *Wells Fargo's Objection to Motion of Debtors for Interim and Final Orders (a) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (b) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral* [Docket No. 170] (the "Claremore Objection") filed by the secured creditor and party-in-interest Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2004-C1 ("Wells Fargo-Claremore");[2]

Whereas, due and appropriate notice of the Motion, the relief requested therein, and the Interim Hearing (the "Notice") having been served by the Debtors on (i) the Office of the United States Trustee for the Eastern District of Louisiana, (ii) the Debtors' respective twenty (20) largest unsecured creditors, (iii) Wells Fargo Claremore and Wells Fargo Equinox through their counsel, and (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. Equinox Petition. On November 27, 2007, Debtor Equinox filed its voluntary petition (the "Equinox Petition Date") under chapter 11 of the Bankruptcy Code. The Debtor

---

[2] Debtor Equinox and Debtor Claremore are hereinafter sometimes referred to as the "Debtors." Wells Fargo Equinox and Wells Fargo Claremore are hereinafter sometimes referred to as "Wells Fargo Lenders."

Equinox is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      B. <u>Claremore Petition</u>. On December 4, 2007, Debtor Claremore filed its voluntary petition (the "<u>Claremore Petition Date</u>") under chapter 11 of the Bankruptcy Code. The Debtor Claremore is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

      C. <u>Jurisdiction</u>. The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. The Motion is a "<u>core</u>" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), and (M). The Debtors assert that venue of the Cases and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      D. <u>Notice</u>. Under the circumstances, the Notice given by the Debtors of the Motion and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

      E. <u>Wells Fargo Equinox's Claims</u>.

      1. Wells Fargo Equinox asserts a first priority, secured claim secured by the Property (as defined in the Equinox Objection hereinafter referred to as the "<u>Equinox Property</u>"), as asserted through the Loan Documents (as defined in the Equinox Objection) (hereinafter referred to as the Equinox Loan Documents).

      2. Wells Fargo Equinox asserts that Debtor Equinox became delinquent on payment of the amounts due under the Equinox Loan Documents by failing and refusing to timely pay the payment due on October 1, 2007, and failing to remit the full payment due on November 1, 2007.

      3. Wells Fargo Equinox asserts that as a result of Debtor Equinox's default, and in accordance with the terms of the Equinox Loan Documents, the obligations are accruing

interest at the Default Rate(as defined in the Equinox Loan Documents), has matured, and all sums due thereunder are immediately due and payable. Wells Fargo Equinox further asserts that as of November 20, 2007, after all proper offsets and credits, the remaining balance due under the Equinox Loan Documents was at least $24,050,000.00 in principal, $270,53570 in accrued interest, $10,464.75 in fees, plus interest and fees, including, but not limited to, attorney's fees, as they continue to accrue.

      F.  <u>Wells Fargo Claremore's Claims</u>.

      1.  Wells Fargo Claremore asserts a first priority, secured claim secured by the Property (as defined in the Claremore Objection) (hereinafter referred to as the "<u>Claremore Property</u>"), as asserted through the Loan Documents (as defined in the Claremore Objection) (hereinafter referred to as the Claremore Loan Documents).

      2.  Wells Fargo Claremore asserts that Debtor Claremore became delinquent on payment of the Note by failing and refusing to timely pay the payment due on September 1, 2007.

      3.  Wells Fargo Claremore asserts that as a result of Debtor Claremore's default, and in accordance with the terms of the Claremore Loan Documents, the obligations are accruing interest at the Default Rate(as defined in the Claremore Loan Documents), has matured, and all sums due thereunder are immediately due and payable. Wells Fargo Claremore further asserts as of December 4, 2007, after all proper offsets and credits, the remaining balance due under the Claremore Loan Documents was at least $21,595,381.93 in principal, together with $394,723.33 in accrued interest and fees in the amount of $12,821.61, plus interest and fees, including, but not limited to, attorney's fees, as they continue to accrue.

      G.  <u>Adequate Protection of Wells Fargo Equinox</u>. Wells Fargo Equinox asserts that all of Debtor Equinox's proceeds from the Equinox Property have been directly assigned to

Wells Fargo Equinox through an absolute and unconditional assignment of leases and rents; therefore, Debtor Equinox has no right to use such property. Debtor Equinox asserts that the Equinox Property is Wells Fargo Equinox's cash collateral within the meaning of section 363(a) of the Bankruptcy Code. Pursuant to sections 361 and 363(e) of the Bankruptcy Code, Debtor Equinox asserts that Wells Fargo Equinox will receive adequate protection of its interests in the Equinox Property in connection with the Debtor Equinox's use, sale and lease of this "cash collateral" by the grant of a lien in the Wells Fargo Equinox Postpetition Collateral (defined below). Wells Fargo Equinox is willing to agree to the use of the Equinox Property on an interim basis under the terms of this Order, reserving all rights to object to any further use on any grounds, including, without limitation, that such property is not cash collateral within the meaning of section 363(a) of the Bankruptcy Code, but rather, Wells Fargo Equinox's property pursuant to a direct assignment from Debtor Equinox under the Equinox Loan Documents.

      H. <u>Adequate Protection of Wells Fargo Claremore</u>. Wells Fargo Claremore asserts that all of Debtor Claremore's proceeds from the Claremore Property have been directly assigned to Wells Fargo Claremore through an absolute and unconditional assignment of leases and rents; therefore, Debtor Claremore has no right to use such property. Debtor Claremore asserts that the Claremore Property is the Wells Fargo Claremore's cash collateral within the meaning of section 363(a) of the Bankruptcy Code. Pursuant to sections 361 and 363(e) of the Bankruptcy Code, Debtor Claremore asserts that Wells Fargo Claremore will receive adequate protection of its interests in the Claremore Property in connection with Debtor Claremore's use, sale and lease of this "cash collateral" by the grant of a lien in the Wells Fargo Claremore Postpetition Collateral (as defined below). Wells Fargo Claremore is willing to agree to the use of the Claremore Property on an interim basis under the terms of this Order, reserving all rights

to object to any further use on any grounds, including, without limitation, that such property is not cash collateral within the meaning of section 363(a) of the Bankruptcy Code, but rather, Wells Fargo Claremore's property pursuant to a direct assignment from Debtor Claremore under the Claremore Loan Documents.

      I.   <u>Immediate Entry</u>.  Sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2).  No party appearing in this Case has filed or made an objection to the relief sought in the Motion and the entry of this Order, or any objections that were made have been resolved on an interim basis by agreement as set forth in this Order.

      J.   <u>No Prior Use of Cash Collateral</u>. The Debtors, upon information and belief, represent that neither have used the Equinox Property, the Claremore Property, and cash collateral or any proceeds thereof since the respective Petition Dates, except as will be contained in a report to be delivered to the Wells Fargo Lenders by both Debtors within five (5) days of the date of this Order.  The Wells Fargo Lenders reserve their rights to seek appropriate remedies for use of cash collateral without court order or consent of the Wells Fargo Lenders.

Based upon the foregoing, and after due consideration and good cause appearing therefore, the Court will approve the proposed interim order.

New Orleans, Louisiana, December 19, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge