UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------------------------x
In re                                                      : Chapter 11 Case No.
                                                           : 07-12151
M.B.S. Management Services, Inc., *et al.*,                :
                                                           : Section "A"
Tax ID No. xx-xxx7655                                      :
                                                           : Jointly Administered
                  Debtors.                                 :
---------------------------------------------------------------------------------x

REASONS FOR INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363(C) OF THE BANKRUPTCY CODE AND (B) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001 AS TO USE OF CASH COLLATERAL
FOR MBS-LAS VENTANAS, LTD.

Upon the *Motion of Debtor for Interim and Final Orders (a) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; and (b) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral* [Docket No. 193] (the "Motion"), dated December 13, 2007 filed by MBS-Las Ventanas ("Debtor") a Texas limited partnership, as a debtor and debtor-in-possession in the above captioned chapter 11 case (the "Case"), pursuant to sections 105, 361 and 363(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002, 4001(c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

Whereas, due and appropriate notice of the Motion, the relief requested therein, and the Interim Hearing (the "Notice") having been served by the Debtor on (i) the Office of the United States Trustee for the Eastern District of Louisiana, (ii) the Debtor's twenty (20) largest unsecured creditors, (iii) Wells Fargo, N.A., as Trustee for the Registered Holders of COMM 2005 - LP5 Commercial Mortgage Pass-Through Certificates ("Wells Fargo"), through its counsel, and (iv) certain other parties identified in the certificate of service filed with the Court (collectively, the "Noticed Parties").

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACTS AND CONCLUSIONS OF LAW:

A. <u>Petition</u>.  On December 4, 2007, the Debtor filed its voluntary petition (the "<u>Petition Date</u>") under chapter 11 of the Bankruptcy Code.  The Debtor is a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. <u>Jurisdiction</u>.  The Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Motion is a "<u>core</u>" proceeding as defined in 28 U.S.C. § 157(b)(2)(A), (D), and (M).  The Debtor asserts that venue of the Case and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. <u>Notice</u>.  Under the circumstances, the Notice given by the Debtor of the Motion and the Interim Hearing constitutes due and sufficient notice thereof and complies with Bankruptcy Rule 4001(c).

D. <u>Wells Fargo's Claims</u>.  Wells Fargo asserts the following:

1. Effective January 12, 2005, the Debtor executed and delivered to PNC Bank, National Association ("<u>PNC</u>") a Promissory Note (the "<u>Note</u>") in which the Debtor promised to pay PNC the sum of $26,200,000.00 with interest at the rate of 5.12% per annum, in monthly installments of interest only for payments due through February 2008, plus amounts due for escrow and reserve accounts; provided, however, that upon an Event of Default (as defined in the Note), the interest rate increased to Prime Rate (as defined in the Note) plus 4% (the "<u>Default Rate</u>").  The Note provides for payments of principal and interest in the amount of $142,574.99 beginning on the first day of February 2008 and continuing each month through and including the payment due on January 2012, with a final payment of the balance due on February 1, 2012.

2. The Note also provides that if any installment under the Note is received by the holder by the close of business on the fifth (5th) day after the due date, a late charge equal to 5% of the delinquent amount shall be paid.

3. Effective January 12, 2005, PNC assigned its right, title and interest in the Note to Wells Fargo as evidenced in that certain Allonge, which was and remains attached to the Note. Wells Fargo asserts that it is the legal owner and holder of the Note.

4. In order to secure the Note, PNC and the Debtor executed that certain Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Deed of Trust"). The Deed of Trust is recorded as Document Number 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 in the Real Property Records of Harris County. The Deed of Trust provides that the property described in Exhibit A thereto, along with all of the property, including, but not limited to, fixtures and personal property, described therein (defined as the "Property") secures the debt owed under the Note.

5. PNC further perfected its security interest in the Property by filing a UCC-1 financing statement both with the (1) Texas Secretary of State (the "SOS UCC") recorded under Document Number 05-0001548730 and (2) the Harris County Real Property Records (the "County UCC") recorded under Document Number 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.

6. Effective October 3, 2005, PNC and the Debtor executed that certain First Amendment to Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Amended Deed of Trust"), to correct a typographical error. The Amended Deed of Trust is recorded as Document Number 200503572320 in the Real Property Records of Harris County.

7. Also effective January 12, 2005, PNC and the Debtor executed that certain Assignment of Leases and Rents (the "Rents Assignment") transferring

and assigning for the Debtor to PNC all interests in the Leases (as defined in the Rents Assignment). The Rents Assignment is recorded under Document Number 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 in the Real Property Records of Harris County, Texas.

8. Effective October 11, 2005, PNC assigned its right, title and interest in the Deed of Trust and the Rents Assignment to Wells Fargo pursuant to that certain Assignment of Deed of Trust, Security Agreement, Assignment of Leases and Rents and Fixture Filing (the "Assignment"). This Assignment is recorded under Document Number 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 of the Real Property Records of Harris County.

9. PNC's SOS UCC was assigned to Wells Fargo through a UCC-3 assignment filed with the Texas Secretary of State on August 26, 2005 under filing number 05-00268304.

10. PNC's County UCC was assigned to Wells Fargo through a UCC-3 assignment filed with the Harris County Real property records on August 25, 2005 under Document Cumber 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. The Note, Deed of Trust, Rents Assignment, Assignment, all UCCs and related documents are collectively referred to herein as the "Loan Documents").

11. Wells Fargo asserts that the Debtor became delinquent on payment of the Note by failing and refusing to timely pay the payment due on September 1, 2007.

12. Wells Fargo asserts that as a result of the Debtor's default, and in accordance with the terms of the Loan Documents, the obligations are accruing interest at the Default Rate (as defined in the Loan Documents), has matured, and all sums due thereunder are immediately due and payable. Wells Fargo further asserts that as of December 4, 2007, after all proper offsets and credits, the remaining balance due under the Loan Documents was at least $26,200,000.00 in

principal, $477,023.07 in accrued interest, $18,772.38 in fees, plus interest and fees, including, but not limited to, attorney's fees, as it continue to accrue.

E. <u>Adequate Protection of Wells Fargo</u>.  Wells Fargo asserts that all of Debtor's proceeds from the Property have been directly assigned to Wells Fargo through an absolute and unconditional assignment of leases and rents; therefore, the Debtor has no right to use such property.  The Debtor asserts that the Property is Wells Fargo's cash collateral within the meaning of section 363(a) of the Bankruptcy Code.  Pursuant to sections 361 and 363(e) of the Bankruptcy Code, the Debtor asserts that Wells Fargo will receive adequate protection of its interests in the Property in connection with the Debtor's use, sale and lease of this "cash collateral" by the grant of a lien in Wells Fargo Postpetition Collateral (defined below).  Wells Fargo is willing to agree to the use of the Property on an interim basis under the terms of this Order, reserving all rights to object to any further use on any grounds, including, without limitation, that such property is not cash collateral within the meaning of section 363(a) of the Bankruptcy Code, but rather, Wells Fargo's property pursuant to a direct assignment from the Debtor under the Loan Documents.

F. <u>Immediate Entry</u>.  Sufficient cause exists for immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2).  No party appearing in this Case has filed or made an objection to the relief sought in the Motion and the entry of this Order, or any objections that were made have been resolved on an interim basis by agreement as set forth in this Order.

G. <u>No Prior Use of Cash Collateral</u>. The Debtor, upon information and belief, represents that it has not used the Property and cash collateral or any proceeds thereof since the Petition Date, except as will be contained in a report to be delivered to Wells Fargo by the

Debtor within five (5) days of the date of this Order. Wells Fargo reserves its rights to seek appropriate remedies for use of cash collateral without court order or consent of Wells Fargo.

Based upon the foregoing, and after due consideration and good cause appearing therefore, the Court will approve the proposed interim order.

New Orleans, Louisiana, December 19, 2007.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge