UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
In re                                                          :     Chapter 11
                                                               :     Case No. 07-12151
M.B.S. Management Services, Inc., *et. al.*,[1]                :
                                                               :     Section "A"
Tax ID No. xx-xxx7655                                          :
                                                               :     Jointly Administered
            Debtors                                            :
---------------------------------------------------------------x

# FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING THE CONFIRMATION OF THE FIRST AMENDED PLAN OF REORGANIZATION OF MBS-EQUINOX ON THE PARK, LTD., DATED APRIL 4, 2008, WITH SUBSEQUENT MODIFICATIONS

This matter comes before the Court[2] on the confirmation of the First Amended Plan of Reorganization of MBS-Equinox on the Park, Ltd. ("Equinox" or "Debtor"), dated April 4, 2008, With Subsequent Modifications. The Court has considered the argument and/or evidence presented at the confirmation hearing held on April 30, 2008. The Court has taken judicial notice of the docket of the Debtor's Chapter 11 case, all pleadings and other documents filed, all orders entered, and evidence and arguments presented at hearings during the pendency of these cases; and also takes judicial notice of the docket.

After due deliberation, the Court hereby makes the following Findings of Fact:

---

[1] Northcastle, Ltd. (07-12152), MBS-Woodland Hills, Ltd. (07-12153), MBS-Country Village, Ltd. (07-12154), MBS-The Windward, Ltd. (07-12155), MBS-The Leeward, Ltd. (07-12156), MBS-Serrano, Ltd. (07-12157), MBS-Fountains of Tomball, Ltd. (07-12158), MBS - South Point Apartments (07-12283), MBS - Lodge at Stone Oak, Ltd. (07-12292), MBS-Claremore, Ltd. (07-12397), MBS-Colonnade, Ltd. (07-12398), MBS-Equinox on the Park, Ltd. (07-12319), MBS-Forest Cove, Ltd. (07-12363), MBS-Indian Hollow, Ltd. (07-12400), MBS-Las Ventanas, Ltd. (07-12399), MBS-Mirada, Ltd. (07-12401), MBS-Sage Creek, Ltd. (07-12402), MBS-Walnut Creek, Ltd. (07-12403), MBS-Bristol Heights, Ltd. (08-10160), MBS-Steeplecrest, Ltd. (08-10162) and MBS-The Heritage, Ltd (08-10163) are being jointly administered with M.B.S. Management Services, Inc. pursuant to court orders [P-54, P-116, P-273 and P-518].

[2] All capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

**GENERAL FINDINGS OF FACT**

1. The United States Bankruptcy Court for the Eastern District of Louisiana has jurisdiction to conduct the confirmation hearing and to confirm the Plan (as that term is defined below) pursuant to 28 U.S.C. §§ 1334(a), and to enter these Findings of Fact pursuant to 28 U.S.C. § 157(b).

2. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) & (L).

3. On November 27, 2007, Equinox filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code pursuant to 11 U.S.C. §301. The Debtor's chapter 11 case is being jointly administered with M.B.S. Management Services, Inc. ("MBS Management") [P-273].

4. Equinox is a Texas limited partnership whose principal place of business is in Garland, Texas. MBS Management maintains its corporate headquarters in Metairie, Louisiana. Accordingly, venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Equinox filed the First Amended Disclosure Statement Dated April 4, 2008 (the "Disclosure Statement") [P-852] and the Debtor's First Amended Plan of Reorganization Dated April 4, 2008 (the "First Amended Plan") [P-849] on April 4, 2008.

6. On April 22, 2008, the Debtor filed *Agreed Non-Material Modifications to the Treatment of Class 2 Secured Lender Claims in the First Amended Plan of Reorganization Filed on April 4, 2008 by MBS-Equinox on the Park, Ltd.* (the "First Modifications") [P-975] as agreed to by TriVest Residential, LLC and TriVest Texas Capital Partners, LP and Wells Fargo Bank, National Association, as Trustee for the Registered Holders of CD 2007-CD4 Commercial Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series CD 2007-CD4.

7. On May 1, 2008, the Debtor filed *Immaterial Modifications to the Amended Chapter 11 Plan of Reorganization Filed by MBS-Equinox on the Park, Ltd.* (collectively with the First Modifications, the "Modifications") [P-1085].

8. The First Amended Plan, as amended by the Modifications, is hereinafter referred to as the "Plan." The Modifications are immaterial in that they do not adversely affect any creditors who have previously accepted the Plan and accordingly do not require additional disclosure or the opportunity for creditors or interest holders that voted on the Plan to change their vote.

9. On April 5, 2008, the Debtor caused the Disclosure Statement with respect to the Plan to be mailed to all parties required by this Court's *Order Approving Debtor's Amended Disclosure Statement and Fixing Time for Filing Acceptances or Rejections to the Amended Chapter 11 Plan of Reorganization and Setting Confirmation Hearing* ("Disclosure Statement Order") [P-854], advising them of, among other things, the time and place of the Confirmation Hearing and the procedures for objecting to, and voting for, the Plan.

10. The solicitation of votes was made in good faith and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Disclosure Statement Order and all other rules, law and regulations.

11. For the reasons set forth on the record at the hearing on April 30, 2008, the Plan is confirmed and approved in its entirety by this Court.

12. The terms and conditions of the Plan are incorporated herein by reference and all provisions thereof are in full force and effect.

13. All provisions in the Plan are consistent with the Bankruptcy Code and applicable non-bankruptcy law.

**THE PLAN OF REORGANIZATION IS CONFIRMABLE UNDER 11 USC §1129**

14. In compliance with Section 1123(a)(1) of the Bankruptcy Code, the Plan designates classes of claims and interests (other than claims of a kind specified in Bankruptcy Code Sections 507(a)(1), 507(a)(2) or 507(a)(7)). Further, the Plan provides the same treatment for each claim and interest in every class. (Plan article III.B).

15. The Plan further complies with the requirement of Section 1123(a)(2) of the Bankruptcy Code that a plan "specify any class of claims or interests that is not impaired under the Plan" by specifying that Classes 1, 3, 4 and 5 are unimpaired under the Plan and are conclusively presumed to accept the Plan. Similarly, the Plan complies with Section 1123(a)(3) of the Bankruptcy Code, which requires that a plan "specify the treatment of any class of claims or interests that is impaired under the plan," by specifying the treatment of Claims and Equity Interests in Classes 2, 6, 7, 8, 9 and 10 which Classes are found to be impaired for purposes of the Bankruptcy Code. (Plan article IV.A).

16. The Plan provides for the same treatment of each Claim or Equity Interest in a particular Class, unless a holder of a Claim or Equity Interest therein has agreed to a less favorable treatment as required under Section 1123(a)(4).

17. The Plan also complies with Section 1123(a)(5) as it provides adequate means for the Plan's implementation, as set forth in the Plan.

18. Section 1123(a)(6) governing the inclusion in a debtor's charter of provisions prohibiting the issuance of non voting equity securities is not applicable.

19. The Plan complies with Section 1123(b)(2) as it provides for the assumption of certain executory contracts or unexpired leases, which have not been previously rejected, and shall be assumed in accordance with the terms specified in the Plan.

20. The testimony indicates that, consistent with the requirements of Sections 1129(a)(2) and 1129(a)(3), the Debtor has complied with all provisions of the Bankruptcy Code and applicable non-bankruptcy law and that the Debtor proposed the Plan in good faith and not by any means forbidden by law. The Plan and all related documents and transactions, including the Amended and Restated Partnership Agreement, were negotiated in good faith and at arms' length by the Debtor, Trivest, and the Secured Lender and are binding on all creditors and holders of Partnership Interests. The terms of the Amended and Restated Partnership Agreement and other documents that relate to the Plan or are contemplated by the Plan are hereby approved in all respects as fair and reasonable, reflecting the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and is supported by reasonably equivalent value and fair consideration.

21. All payments under the Plan which are required to be approved by the Court under Section 1129(a)(4) have been either approved by the Court or are subject to approval of the Court.

22. The Plan complies with section 1129(a)(5) as the Debtor has identified the proposed managers of the Reorganized Debtor. (See Disclosure Statement, Article III.G.). The appointment of these managers is consistent with the interest of creditors and interest holders and with public policy.

23. No regulatory agency must approve rates charged by the Debtor; thus, Section 1129(a)(6) is not applicable.

24. The Plan complies with section 1129(a)(7) of the Bankruptcy Code. Section 1129(a)(7) requires that, with respect to each impaired class of Claims or Equity Interests, each holder of such Claims or Equity Interests (a) has accepted the plan or (b) will receive or retain property of a value, as of the effective date of the plan, that is not less than the

amount such holder would receive if the debtor were liquidated on such date. Classes 2, 6, 7, 8, 9, and 10 are impaired under the Plan and they have accepted the Plan.

25. The Plan complies with Section 1129(a)(8) as Allowed Claims or Equity Interests in all classes are presumed to have accepted the Plan or have in fact accepted the Plan.

26. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Allowed Administrative Claims and all Priority Allowed Claims are to be paid in full and in accordance with Section 1129(a) pursuant to the terms of the Plan. (Plan article III.A.1, III.A.2).

27. Section 1129(a)(10) requires that at least one impaired class accept the Plan. The Plan complies with Section 1129(a)(10) since all voting classes have accepted the Plan.

28. The Plan provides for the disposition of all Claims against and Partnership Interests in the Estate and the reorganization and recapitalization of the Debtor. There will be no need for further reorganization or liquidation and, thus, the Plan is feasible as required by Section 1129(a)(11).

29. All fees due and payable under 28 U.S.C. § 1930 will be paid by the Debtors in accordance with the Plan as required under Section 1129(a)(12).

30. *Allowed Class 2 Claims:* Class 2 Claims shall be allowed in the following amounts, as of May 15, 2008: $24,050,000.00 in principal, $539,201.02 in accrued interest, $12,592.33 in expenses, $319,201.02 in accrued tax escrow amounts, $74,000.00 in accrued insurance escrow, $49,291.69 in accrued replacement reserve escrow, $100,000.00 in maintenance and operating deficit reserve, $464.79 in advance interest, and $180,000.00[3] in

---

[3] Such estimate of attorneys' fees and expenses shall remain subject to adjustment as of the Effective Date.

attorneys' fees and expenses (together, the "Allowed Class 2 Claims"). The Debtor, TriVest Texas, and the Reorganized Debtor each waive any right to object to the Allowed Class 2 Claims as stated herein. In addition, the Effective Date Secured Lender Payment is $788,691.79.[4] As of April 25, 2008, the Secured Lender had cash on hand equal to $1,191,921.79.

31. The estimate of attorney's fees and expenses accrued by the Secured Lender as part of its Allowed Class 2 Claim were reasonable and necessary and approved for payment of the Allowed Class 2 Claim.

32. Section 1129(a)(13) governing retiree benefits is not applicable as there are no retiree benefits the Debtor is obligated to pay.

33. The Debtor has met its burden of proving, by a preponderance of the evidence, that the Plan satisfies the elements of section 1129 of the Bankruptcy Code and complies with the other provisions of the Bankruptcy Code and any applicable non-bankruptcy law. The Court also finds that the Debtor has satisfied the elements of section 1129 of the Bankruptcy Code and of every other applicable provision of the Bankruptcy Code and any applicable non-bankruptcy law under the clear and convincing standard of proof.

New Orleans, Louisiana, May 2, 2008.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[4] Subject to adjustment for the amount of the portion of the Modification Fee due on the Effective Date.