# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re** | **Chapter 11** |
| **M.B.S. Management Services, Inc.,** *et. al.*, | **Case No. 07-12151 (A)** |
| **Debtors** | **Jointly Administered** |

---------------------------------------------------

**Claude Lightfoot, Trustee for the**
**MBS Unsecured Creditors' Trust**

                    **Plaintiff,**

**VS.**

**Dwyer & Cambre**                       **Adversary No.**

                    **Defendant**

### COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY
### [11 U.S.C. §§ 547, 548, 549, 550, 551]

Plaintiff, Claude Lightfoot, in his capacity as Trustee for the MBS Unsecured Creditors' Trust alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.

This bankruptcy case was commenced by the filing on November 5, 2007 ("Petition Date") of a petition under Title 11 of the United States Code by M.B.S. Management Services, Inc. ("the Debtor"), in the Chapter 11 bankruptcy proceedings styled *In re:MBS Management Services, Inc., et. al.* jointly administered under Case No. 07-12151 ("the Bankruptcy Case").

2.

Claude Lightfoot is the duly appointed and acting Unsecured Creditors' Trustee for

the MBS Unsecured Creditors' Trust and, in such capacity, is the "Plaintiff" herein. Pursuant to the Debtor's confirmed Second Amended Plan of Reorganization dated January 7, 2009, as amended through April 1, 2009 and the Unsecured Creditor's Trust Agreement, as modified, in the Bankruptcy Case, the Debtor's rights and causes of action as asserted herein ("Transferred Claims and Causes of Action") were transferred to the Trust. Plaintiff, in his capacity as Trustee for the Trust is authorized to commence this suit.

3.

This adversary proceeding arises out of, arose in, and/or is related to the Bankruptcy Case. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157 and 1334. The causes of action set forth herein involves the determination, allowance and amount of claims pursuant to 11 U.S.C. §§ 547, 548, 549, 550 and 551 and, as such, constitute "core" proceedings pursuant to 28 U.S.C. § 157(b)(2).

4.

Venue is proper in this District pursuant to 28 U.S.C. § 1409(a), as this adversary proceeding arises in and relates to the Bankruptcy Case and the amount in suit exceeds $10,950.00.

5.

Plaintiff is informed and believes and on that basis alleges that Dwyer & Cambre ("Defendant") is a business entity whose legal structure is presently unknown organized under the laws of the State of Louisiana.

6.

The instant complaint (the "Complaint") initiates an adversary proceeding in which Plaintiff seeks to recover property of the estate pursuant to the provisions of 11 U.S.C. §§ 544-551.

## FIRST CLAIM FOR RELIEF
### (TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547(b))

7.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 6, inclusive, as if fully set forth herein.

8.

On or within 90 days before the Petition Date, that is between August 6, 2007 and November 5, 2007 (the "Preference Period"), the Debtor made one or more transfers of an interest of the Debtor in property, by means of a check, wire transfer, or other means, in an aggregate amount of not less than $20,000.00 (hereinafter collectively referred to as the "Transfers") directly to or for the benefit of the Defendant.

9.

On information and belief, Defendant was a creditor of the Debtor at the time of each transfer within the meaning of 11 U.S.C. § 101(10)(A). At the time of each transfer, Defendant had a right to payment on account of an obligation owed to Defendant by the Debtor.

10.

The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendant.

11.

The Transfers were made on account of an antecedent debt because the Transfers were on account of a debt owed by the Debtor before the Transfers were made.

12.

The Debtor was insolvent throughout the Preference Period (as that term is defined and used in 11 U.S.C. §§ 101(32) and 547 of the Bankruptcy Code).

13.

The Transfers enabled Defendant to receive more on account of its debt than if the Debtor's case was under Chapter 7 of the Bankruptcy Code, the Transfers had not been made, and Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code because, under such scenario, Defendant would not have received full payment with respect to such debt, nor even as much remuneration as the amount of the Transfers.

14.

In accordance with the foregoing, the Transfers are avoidable pursuant to 11 US.C. § 547(b).

## ALTERNATIVE SECOND CLAIM FOR RELIEF
## (TO AVOID FRAUDULENT CONVEYANCES
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B))

15.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 14, inclusive, as if fully set forth herein.

16.

To the extent that one or more of the Transfers were not on account of an antecedent debt or that payment was made for a thing not due, the Debtor did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfer"); and

    A.    the Debtor was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s); or

B.      the Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or

C.      the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

17.

The Potentially Fraudulent Transfers or payment of a thing not due are avoidable pursuant to 11 U.S.C. § 548(a)(l)(B).

### THIRD CLAIM FOR RELIEF
### (TO RECOVER POST PETITION TRANSFERS
### PURSUANT TO 11 U.S.C. 549)

18.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through 18, inclusive, as if fully set forth herein.

19.

To the extent that one or more of the Transfers was made after the Petition Date, such Transfers were unauthorized post-petition transfers and are avoidable pursuant to 11 US.C. § 549(a) ("Post-Petition Transfers").

### FOURTH CLAIM FOR RELIEF
### (TO RECOVER AVOIDED TRANSFERS AGAINST DEFENDANT
### FOR THE BENEFIT OF THE ESTATE UNDER 11 U.S.C. § 550 AND
### TO PRESERVE AVOIDED TRANSFERS FOR THE BENEFIT OF THE ESTATE
### UNDER 11 U.S.C. § 551)

20.

Plaintiff incorporates each and every allegation contained in paragraphs 1 through l9, inclusive, as if fully set forth herein.

21.

The Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 547, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

22.

The Potentially Fraudulent Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 548, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

23.

The Post-Petition Transfers, to the extent that they are avoided pursuant to 11 U.S.C. § 549, may be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

24.

Unless and until the Transfers, the Potentially Fraudulent Transfers, and the Post-Petition Transfers (collectively, "All Avoided Transfers") are avoided and the Defendant has paid or turned over to Plaintiff the amount of said All Avoidable Transfers, any claim of Defendant in the Bankruptcy Case and/or against the Trust must be disallowed pursuant to 11 U.S.C. § 502(d).

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

1. That All Avoided Transfers avoidable under 11 U.S.C. §§ 544-549 be avoided and set aside;

2. That All Avoided Transfers, to the extent that they are avoided pursuant to 11

U.S.C. §§ 547, 548 and/or 549, be recovered by Plaintiff pursuant to 11 U.S.C. § 550(a) and be preserved for the benefit of the estate pursuant to 11 U.S.C. § 551;

3. Plaintiff shall recover from Defendant All Avoided Transfers, together with prejudgment interest thereon, at the legal rate allowed under 28 U.S.C. § 1961 from the date of each Transfer;

4. That the judgment disallow any claim of Defendant in the Bankruptcy Case and/or against the Trust until the Defendant has paid or turned over to Plaintiff the amount of said All Avoided Transfers;

5. An award of costs incurred in this suit; and

6. Such other and further relief as this Court may deem necessary and proper.

Dated: November 2, 2009

By: s/Michael H. Piper
Michael H. Piper
STEFFES, VINGIELLO & MCKENZIE, LLC
William E. Steffes (La. Bar No.12426)
Michael H. Piper (La. Bar No.10550)
13702 Coursey Blvd, Bldg. 3
Baton Rouge, LA 70817
Telephone: 225-751-1998
Fax: 225-751-1998
E-mail: mpiper@steffeslaw.com